# CIRCUIT COURT OF ALBEMARLE COUNTY

Jennifer Lynn Workman

v.

Inglecress Homeowners
Association, Inc.

April 13, 2006

Case No. CH05-13430

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the motion of Jennifer Lynn Workman for the Court to declare that the Inglecress Homeowners Association, Inc. (hereinafter referred to as "Association") violated Virginia law in unreasonably denying her application to subdivide her lot and award an injunction in her favor plus attorney's fees and costs.

*Procedural Background*

On January 12, 2006, this Court conducted a hearing on Mrs. Workman's Bill of Complaint that the Association had denied her request for subdivision of her lot and were unreasonable in doing so in violation of the law.

At the hearing on January 12, the Court found that the Association did give a full hearing on the matter but did not state adequate reasons for the denial. Therefore, the Court referred the matter back to the Association with instructions for Mrs. Workman to resubmit her application and for the Association to give the application its full consideration. If it disapproved the application, it was to state its reasons for disapproval in writing within two weeks of the hearing.

Mrs. Workman submitted her application to subdivide her lot on January 19, 2006, and the Association held a meeting on February 9, 2006, for the presentation of Mrs. Workman's application. The Association rendered its decision on February 20, 2006, denying the application for subdivision. In the letter of February 20, 2006, it listed four reasons for denying the request. They were:

1. The precedent established by granting your request would endanger the value of existing homes throughout the subdivision, and the precedent would open the door to subdivision requests from other owners and endanger the rural spacious feeling of Inglecress.

2. The Board has a duty and obligation to carry out the wishes of Inglecress owners who have expressed unanimity in opposing your request to subdivide.

3. The character and appearance of Inglecress would be detrimentally altered if Lot 15 were subdivided.

4. The Board's reasons are based upon the best interests of the Inglecress Subdivision and its homeowners.

After that decision, Mrs. Workman filed this request for the Court to hold a hearing and grant relief as requested.

*Issue Presented*

Did the Association act unreasonably in the employment of its Declaration of Covenants in denying the application of Mrs. Workman?

*Discussion of Authority*

The Declaration of Covenants, Conditions, and Restrictions states:

Section. 8.13. *Further Subdivision*: No lot may be further subdivided or separated into smaller lots or parcels by an owner without the written consent of the declarant, or its successors.

At the March 31, 2006, hearing, Mr. Raynor cited the Court to the case of *White v. Boundary Association, Inc.*, 271 Va. 50 (2005). The Court has read that opinion. He argued that, in applying the facts of the Workman claim to the law set forth in that case, the evidence was that the Association adopted

a policy that it would not approve the Workman application for subdivision of the lot because it never had, and never would, approve such an application. He maintains that such a policy is in violation of the covenants, which do permit subdivision of a lot with consent of the Association. Mr. Raynor further argues in his Post-Trial Memorandum of Law that the enforcement of such a policy is unreasonably withholding consent as stated in *Friedberg v. Riverpoint Building Committee*, 218 Va. 659 (1977).

Mr. Zunka, on behalf of the Association, argues that the *Friedberg* case controls and that the denial of the request for the subdivision of the lot was based upon a reasonable employment of the interpretation of the covenants. He further cites the case of *Countryside Proprietary, Inc. v. King*, 30 Va. Cir. 527 (1991).

The *Friedberg* case, *supra*, notes as follows:

Generally, a restrictive covenant for a residential subdivision which requires consent to construction or approval of plans of construction, even though the provisions of the restrictions do not establish standards of approval, will be declared valid when such covenants apply to all the lots as a part of a uniform plan of development. But such covenants will be enforced only when there has been a reasonable employment of such restrictions.

*Id.* at 668.

The *Countryside* decision, *supra*, cites *Friedberg* and further notes the distinction between objective guidelines and subjective standards. In that case, the trial court noted the lack of objective guidelines in the appropriate declaration. It ruled the application could be based on a subjective standard as long as there was a reasonable employment of the restrictions. Since there are no objective guidelines in the Inglecress Declaration of Covenants, the test is whether the Association acted reasonably in the employment of the restrictions, i.e., denying approval of the subdivision request.

### Conclusion

Since this application was the first one submitted for consideration of the subdivision of a lot, the evidence shows there was no prior policy adopted by any board as to whether or not the subdivision of a lot would be approved. Furthermore, the Declaration of Covenants state one single family residence per lot and indicate that there would be no further subdivision of a lot without the written consent of the Association.

The Court concludes that the Association has not acted unreasonably in the application of the Declaration of Covenants to the application of Mrs. Workman and denies her request for declaratory and injunctive relief.

Furthermore, this Court denies her request for attorney's fees. Attorney's fees are not authorized under the Declaratory Judgment Act. Additionally, it denies an award for attorney's fees pursuant to Virginia Code § 55-515.